IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHULMERICH BELLS, LLC, : | |
|     *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 17-0275 |
| JEFFERS HANDBELL : | |
| SUPPLY, INC., et al., : | |
|     *Defendants*. : | |

**ORDER-MEMORANDUM**

**AND NOW**, this 21st day of February, 2017, upon consideration of Defendants' Motion to Stay, Dismiss or Transfer, (ECF No. 4), and Plaintiff's Opposition thereto, (ECF No. 6), it is hereby **ORDERED** that said Motion is **GRANTED** insofar as the above-captioned matter shall be transferred to the United States District Court for the District of South Carolina pursuant to the first-filed rule and 28 U.S.C. § 1404(a). It is denied as moot in all other respects.

## ANALYSIS

### I.  Factual Background

Plaintiff Schulmerich Bells, LLC, commenced an action raising federal and state law claims against Shawn Lackey in Pennsylvania state court on November 29, 2016. Pl.'s Br. 2-3, ECF No. 6. Lackey is an employee of Jeffers Handbell Supply, Inc. Defs.' Br. 1, ECF No. 4-1. Plaintiff did not name Jeffers as a defendant in the original state complaint. Upon learning of the state court action, Jeffers filed suit for declaratory judgment against Schulmerich in the U.S. District Court for the District of South Carolina on December 15, 2016. Pl.'s Br. 4. The parties agree the state and federal court actions are identical or substantially overlap. *See* Pl.'s Br. 1; Defs.' Br. 3. Both disputes involve federal Lanham Act claims arising from the same course of conduct. *See* Pl.'s Br. 2-3; Defs.' Br. 1-2.

On December 30, 2016, counsel for Jeffers notified Schulmerich's counsel of the South Carolina action. Defs.' Br. 2. On January 5, 2017, Schulmerich filed an amended complaint in Pennsylvania state court, adding Jeffers as a co-defendant. Pl.'s Br. 4. On January 18, 2017, Defendants removed the state court action to this Court pursuant to 28 U.S.C. § 1441. Plaintiff has not initiated a *federal* action against Jeffers or Lackey in the course of this litigation.

Defendants now move to transfer this case to the federal district court in South Carolina pursuant to the first-filed rule and 28 U.S.C. § 1404(a) or, in the alternative, to stay or to dismiss Lackey from the case for lack of personal jurisdiction. Schulmerich agrees the first-filed rule applies, but opposes the transfer motion on the grounds that (1) the state court action in Pennsylvania was first in time and (2) the declaratory judgment action in South Carolina constitutes bad faith, forum shopping and an anticipatory filing. Schulmerich also contends personal jurisdiction over Lackey is proper.

**II.     Discussion**

The "first-filed rule" provides that, "in all cases of *federal* concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F. 2d 925, 929 (3d Cir. 1941) (emphasis added). "The first-filed rule encourages sound judicial administration and promotes comity among *federal* courts of equal rank." *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969, 971-72 (3d Cir.1988) (emphasis added), *aff'd on other grounds*, 493 U.S. 182 (1990). The first-filed rule gives district courts the discretion "to stay the second-filed action, transfer it, dismiss it without prejudice, or dismiss it with prejudice," but the Third Circuit recently indicated its preference for staying or transferring a second-filed suit "in the vast majority of cases." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 216, 220 (3d Cir. 2016).

This Court agrees the present case is the second-filed *federal* action and, as a matter of comity and judicial efficiency, grants the motion to transfer this matter to the federal district court in South Carolina, the first *federal* court to possess jurisdiction of the subject and a proper venue for this dispute under 28 U.S.C. § 1404(a).

Plaintiff's first reason for opposing transfer is unavailing. The first-filed ruled prioritizes the first *federal* court that properly possesses jurisdiction over the subject, and does not credit a party's decision to initiate the action in *state* court. *See N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*, No. 2006-147, 2007 WL 184776, at *3 n.1 (W.D. Pa. Jan. 22, 2007)*; Just Born, Inc. v. Summit Foods Enterprises, Inc.*, No. CIV.A. 13-7313, 2015 WL 996380, at *2 (E.D. Pa. Mar. 6, 2015) (original federal action took precedence over subsequent removal proceeding even though the removed state court action was first in time).

*Homeowners* is directly on point. There, as here, the plaintiff commenced the first action in Pennsylvania *state* court. Within days, the defendant filed a substantially similar action in the federal court for the Northern District of Georgia. *Id*. at *2. Shortly thereafter, the defendant removed the state court proceeding to the federal court for the Western District of Pennsylvania. *Id*. at *1. The defendant then moved to dismiss or, alternatively, to transfer the case to the Northern District of Georgia. *Id*. at *2. The plaintiff opposed the motion on the grounds that it had initiated the first action in state court and "its choice of forum should be respected." *Id*. Applying the first-filed rule, the court concluded "the first *federal* court to possess jurisdiction was the Northern District of Georgia." *Id.* at *3 (emphasis in original). The court cautioned: "the plaintiff in a state civil action can avoid being the second-filed matter by simply filing a complaint in a federal district court, not a state trial court at the outset." *Id*. at *3 n.1. The reasoning in *Homeowners* is especially compelling where, as here, original federal

3

jurisdiction is undisputed and the action could have been initiated just as easily in federal court as in state court.

Plaintiff's reliance on *D & L Distribution, LLC v. Agxplore Intern.*, LLC, 959 F.Supp.2d 757 (E.D. Pa. 2013) is not only misplaced, but also reinforces Defendants' position. *D & L Distribution* involved parties that initiated separate law suits in sister *federal* courts. Thus, as in the present case, the court properly transferred the second-filed action to the first federal court with jurisdiction of the subject.

Plaintiff's second basis for opposing transfer is equally unpersuasive.  The Third Circuit has recognized exceptions to the first-filed rule, such as bad faith, forum shopping, and gamesmanship (e.g. anticipatory suits filed by a plaintiff in one forum to preclude imminently filed suits in another forum).  *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 976–77 (3d Cir. 1988), *aff'd,* 493 U.S. 182 (1990).  But none of those exceptions apply here.

*Homeowners* again is instructive.  There, the court considered whether it would be inequitable to allow the defendant "to file a separate federal action, in a different district court, before removing the plaintiff's state civil action."  *Homeowners*, 2007 WL 184776, at *3 n.1.  Although the defendant's conduct could have been viewed as a form of forum shopping or gamesmanship, the court found the defendant's strategy was "not an abuse because *the plaintiff* chose state court jurisdiction over the equally permissible jurisdiction of a federal court and therefore cannot invoke the first-filed rule."  *Id*. (emphasis added).

Similarly, Schulmerich chose to initiate this lawsuit in state court against Lackey, although it could have just as easily commenced an action in federal court against Lackey and/or Jeffers.  Indeed, Schulmerich "suspected that Lackey shared some business relationship with Jeffers," but chose nonetheless to pursue the action "incrementally" against Lackey in state court

4

first.  *See* Pl.'s Br. 4, 12.  The fact that Jeffers knew of the Pennsylvania case (a matter of public record), and did not disclose its knowledge to Schulmerich before filing the South Carolina action, does not change the analysis.  Nor does Jeffers' conduct present a typical case of forum shopping, which "generally denotes some attempt to gain an unfair or unmerited advantage in the litigation process."  *Chavez*, 836 F.3d at 222.  Schulmerich had the option to bring its federal claims in federal court before Jeffers knew of the lawsuit, but chose not to do so.  While Defendants may have acted strategically in moving this litigation into a federal forum of their choice, their action was not abusive.  Thus, the first-filed rule compels transfer.

Transfer to the District of South Carolina is proper under 28 U.S.C. § 1404(a), which provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  *See, e.g., Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, No. CIV. 12-6965, 2013 WL 4500321, at *3 (D.N.J. Aug. 21, 2013) (conducting a § 1404 analysis in deciding to transfer a case pursuant to the first-filed rule).  While "the plaintiff's choice of venue should not be lightly disturbed," a court may also consider "the defendant's preference."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. 09-2552, 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009) (transferring diversity action to first federal court to possess jurisdiction of the subject "even though the transfer conflicts with the plaintiff's choice of forum.").

Schulmerich chose its preferred forum when it opted to initiate its lawsuit in Pennsylvania *state* court.  However, pursuant to the first-filed rule, that decision does not control the selection of the *federal* venue.  As previously noted, Schulmerich could have protected its choice of forum by bringing its federal claim in federal court at the outset.  *See Homeowners*,

5

2007 WL 184776, at *3 n.1.  Plaintiff acknowledges as much when it argues that "the propriety of [a] transfer [under 28 U.S.C § 1404(a)] depends upon the application of the first-filed rule." Pl.'s Br. 18 (brackets supplied) (quoting *D & L Distribution*, 959 F.Supp.2d at 765).  Moreover, Jeffers offers compelling reasons for transferring this case to the District of South Carolina. Jeffers and Lackey are both located in South Carolina and any witnesses or records with respect to their allegedly wrongful conduct will be available there.

In sum, Defendants' motion to transfer is granted pursuant to the first-filed rule and 28 U.S.C. § 1404(a).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.