IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHULMERICH BELLS, LLC, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 17-0275 |
| JEFFERS HANDBELL | : | |
| SUPPLY, INC., et al., | : | |
| *Defendants*. | : | |

**ORDER- MEMORANDUM**

**AND NOW**, this 27th day of March, 2017, upon consideration of Plaintiff's Motion for Reconsideration and/or for Permission to Appeal (ECF No. 9) and Defendants' Opposition thereto (ECF No. 10), it is hereby **ORDERED** that said Motion is **DENIED**.

### ANALYSIS

Plaintiff moves for reconsideration of this Court's February 21, 2017 Order transferring this case to the U.S. District Court for the District of South Carolina pursuant to the first-filed rule and 28 U.S.C. § 1404(a), and/or for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This Court assumes the parties' familiarity with the facts.

Certification for immediate appeal is improper. Under section 1292(b), a district court may certify an order, not otherwise appealable, if the court is of the opinion that the "order involves [i] a controlling question of law as to which [ii] there is substantial ground for difference of opinion and [iii] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). An order must satisfy all three statutory criteria to be certifiable, but the district court ultimately has discretion to grant or deny the certification. *Id*.

1

Neither party cites to any case in which a court certified or denied certification for an immediate appeal of a venue change pursuant to the first-filed rule or section 1404(a). This Court's research revealed two relevant, out-of-circuit cases that reached opposite results. *Compare Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1384–85 (N.D. Iowa 1996) (holding the first-filed rule did not supersede a forum selection clause and certifying order transferring venue under section 1404(a)), *with Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc.*, No. 13-1067, 2013 WL 5946109, at *2 (D.S.C. Nov. 6, 2013) (declining to certify order denying change of venue under exceptions to first-filed rule and section 1404(a)). The Third Circuit has observed, in *dicta*, that certification of an order changing venue *may* be appropriate in a case where the "change of venue would result in a reversal after final judgment." *Katz*, 496 F.2d at 755.

Assuming, as a threshold matter, that immediate appeal of an order transferring venue is appropriate, Plaintiff's motion for certification is denied because it has not shown that the February 21 Order satisfies section 1292(b)'s three statutory criteria. *See Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) ("burden is on the movant to demonstrate that a 1292(b) appeal is warranted."). First, Plaintiff has proffered no compelling reason why it cannot litigate this case in South Carolina, or why its rights might be curtailed by having to pursue this matter there. Lastly, as this Court previously found in deciding to transfer venue, Schulmerich could have legally and practically avoided this situation had it simply brought its federal claims in federal court from the outset. Because this Court's decision was "rooted in the facts of [this] particular case," Plaintiff has not raised a "question of law." *Michelin*, 2013 WL 5946109, at *4 (alteration in original). Furthermore Plaintiff does not raise a "*controlling* question of law" because, even if the February 21 Order were erroneous, it would

not constitute "reversible error on final appeal." *Katz*, 496 F.2d at 755 (emphasis added).  There is no indication, for example, that the federal district court in South Carolina lacks jurisdiction or that any crucial witnesses would be beyond the reach of its subpoena power.  *See id*.  Nor has the Plaintiff argued that the question presented is sufficiently "serious to the conduct of the litigation, either practically or legally," to warrant interlocutory appeal.  *Id*.; *see also Michelin*, 2013 WL 5946109, at *3 ("a controlling question of law is a narrow question of *pure* law whose resolution would be *completely dispositive* of the litigation, either as a legal or practical matter") (emphasis in original) (internal quotation marks omitted).

        <u>Second</u>, even if the February 21 Order involved "a controlling question of law," Plaintiff has not shown that "there is substantial ground for difference of opinion" as to its correctness.  28 U.S.C. § 1292(b).  Plaintiff concedes that, consistent with this Court's decision, "district courts in the Third Circuit have generally used the removal date as the *federal* filing date for an action originally brought in state court," but argues that the "weight of authority is decidedly against this Court's position" because federal district courts <u>outside</u> the Third Circuit "uniformly employ ***the original filing date of the state court action*** as the filing date for the First-Filed Analysis."  Plf's Br. 4, 5 (emphasis in original).  Since the Third Circuit has not yet addressed this question, Plaintiff believes it is entitled to an immediate appeal.  But "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  *Michelin*, 2013 WL 5946109, at *5 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  Furthermore, none of the out-of-circuit cases cited by Plaintiff address the situation presented here (i.e., a plaintiff who did not name one of the defendants in the state court action until after that defendant commenced a federal

action),[1] whereas the intra-circuit, sister-court cases relied upon by this Court arrived at the same result under substantially similar circumstances.[2] *See Orson*, 867 F. Supp. at 321–22 (no substantial difference of opinion existed where movant's "argument in support of an immediate appeal [was] essentially a rehash of the argument" made the first time around, and the court's "decision was entirely consistent with existing law" as stated in the most relevant precedent).

Third, Plaintiff fails to explain how delaying this matter to allow an immediate appeal would "advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). Defendants, on the other hand, contend that an appeal of a *solely* procedural question would unnecessarily slow down this litigation because, even if the Third Circuit were to reverse the February 21 Order, there is still the possibility that this Court may find it lacks personal jurisdiction over one of the defendants (Lackey) – a decision this Court has not yet reached and which could also impact determination of the proper venue. *See* Defs.' Br. 7. This Court agrees an appeal would unnecessarily delay, rather than advance, the ultimate resolution of the merits of this case whether in South Carolina or here. *See Orson*, 867 F. Supp. at 322 (finding appeal would not advance litigation because "a trial will most likely occur on the remaining issues in

---

[1] *See Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, No. 09-cv-2674, 2009 WL 2834787 (N.D. Cal. Sept. 3, 2009) (same parties involved from outset); *Greenline Indus., Inc. v. Agri-Process Innovations, Inc.*, No. 08-cv-2438, 2008 WL 2951743, (N.D. Cal. July 28, 2008) (same); *Fakespace Labbs, Inc. v. Robinson*, No. 99-cv-5258, 2000 WL 1721061 (N.D. Cal. Nov. 6, 2000) (actions involved same parties from outset and plaintiff, not defendants, removed state case after defendants commenced federal action); *MedSpring Grp., Inc. v. Atl. Healthcare Grp., Inc.*, No. 05-cv-0115, 2006 WL 581018 (D. Utah Mar. 7, 2006) (same parties involved from outset and settlement negotiations were already ongoing); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) (same parties involved from outset); *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992) (same two opposing parties involved in original state court action); *Igloo Prod. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214 (S.D. Tex. 1990) (party that filed the federal action was the same party originally sued in state court); *Pollution Prevention Servs., Inc. v. Inter Recycling, Inc.*, No. 96-54-CIV-T-17A, 1996 WL 378990 (M.D. Fla. July 1, 1996) (same); *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948 (E.D. Va. 1998) (parties were the same from outset and court nonetheless transferred first-filed action to second-filed court because proceedings in second action had advanced further along ).

[2] *See Just Born, Inc. v. Summit Foods Enterprises, Inc.*, No. CIV.A. 13-7313, 2015 WL 996380 (E.D. Pa. Mar. 6, 2015) (plaintiff did not name second defendant in the state court action until after that defendant commenced federal action); *N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*, No. 2006-147, 2007 WL 184776 (W.D. Pa. Jan. 22, 2007) (plaintiff brought original suit in state court although federal court was available).

this action regardless of the outcome of any interlocutory appeal."). In sum, certification is unavailable under section 1292(b).

Reconsideration is also unwarranted. A motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*.

None of those grounds apply here, and Plaintiff does not expressly argue otherwise. Schulmerich does not point to any new evidence or intervening change in controlling law, nor does it seek to correct a clear error of law that resulted in a manifest injustice. On the contrary, Plaintiff acknowledges there is no binding precedent that mandates a different outcome and this Court's decision is in line with district court cases in the Third Circuit. Plf's Br. 4. Plaintiff's mere disagreement with this Court's opinion is not enough for reconsideration.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II     J.

5